**AMERICAN FEDERATION OF GRAIN PROCESSORS, A. F. OF L., et al. v. GREENVILLE COTTON OIL CO.**

No. 13960.

Court of Civil Appeals of Texas. Dallas.

Feb. 4, 1949.

Mullinax, Wells & Ball, of Dallas, for appellants.

Allen Clark, of Greenville, and O. B. Fisher, of Paris, for appellee.

CRAMER, Justice.

This is an appeal from an order granting a temporary injunction. The same order has been heretofore attacked by the appellant in the Supreme Court of Texas in a habeas corpus proceeding; see Ex parte Henry et al., 215 S.W.2d 588, 592.

The prayer in plaintiff's petition was as follows: "Wherefore, premises considered, petitioner prays that this Honorable Court immediately issue a temporary restraining order without notice to the defendants herein restraining said defendants and the classes they represent from going upon, remaining upon or picketing or forming picket lines upon or near, or inducing others to picket upon or near said railroad tracks, and from committing any acts in any manner interfering with or preventing or in any wise attempting to interfere with or prevent by pickets or picket lines or by threats or by violence the movement of cars and trains of either of said railroads into and out of plaintiff's plant and premises, or the performance by said railroads of their duty to plaintiff as common carriers, and from combining or conspiring to create or attempting to create any embargo or stoppage of transportation by railroads into and out of plaintiff's plant, or the free flow of commerce into and out of plaintiff's plant over said railroad tracks, and pray that a date of hearing for temporary injunction be fixed, that notice issue to the defendants and each of them, that upon hearing a temporary injunction be issued, restraining the defendants as set forth in the prayer for temporary restraining order, that upon final hearing, said injunction be made permanent, and for such other and further relief, both special and general, in law and in equity, to which plaintiff may be justly entitled."

The order granting the temporary injunction restrained the appellants as follows: "(1) From molesting or interfering with employees of any railroad or railway company on or in the vicinity of the tracks at or near plaintiff's plant in the City of Greenville, Hunt County, Texas, on any and all occasions when such employees are approaching or about to approach plaintiff's plant for the purpose of carrying freight into or out of plaintiff's plant. (2) From committing any act or in any manner interfering with or preventing by violence or otherwise the free flow of commerce in and out of plaintiff's plant by any railroad or railway company or any employee of any railroad or railway company while carrying freight in or out of plaintiff's plant or while getting ready to carry freight in or out of plaintiff's plant. (3) From picketing at or near the tracks of the railway companies serving plaintiff's plant or inducing others to picket at or near said tracks in such a way or manner as to prevent railroad employees from serving plaintiff's plant. (4) From interfering in any way with any railroad company or its employees in their duty to plaintiff as common carriers. (5) From establishing and maintaining or in any manner participating in the station-

862

ing of any picket or pickets, picket line or lines on, across, at or near or within 100 feet of the railroad tracks used by the St. Louis Southwestern Railroad Company of Texas, Missouri-Kansas-Texas Railroad Company of Texas, Louisiana and Arkansas Railway Company of Texas and Texas and New Orleans Railroad Company or either of them, across Pickett Street in the City of Greenville, Hunt County, Texas, serving plaintiff's plant, by transporting freight, commodities and empty and loaded cars in and out of plaintiff's plant, while said railroads or either of them or the employees, agents and servants of them or either of them are using or about to use said tracks or either of them for said purposes or either of said purposes; from approaching in person or by the fixing or placing of any standard or placard any agent, employee, servant or member of any train crew of either or all of said railroads at or near Pickett Street in the City of Greenville, while such agent, employee, servant or member of any train crew is engaged in his work as a railroad employee in moving any freight, car or train, into or out of the plant and premises of Greenville Cotton Oil Company or is about to move any freight, car or train into or out of said plant, thereby preventing any employee of either of said railroads from transporting or moving any freight or car into or out of said plant or premises by any means or any character of communication either verbal or written; from in any manner giving a "stop" sign to any railroad employee when he is engaged in moving freight or any car or cars into or out of plaintiff's plant in the City of Greenville and from placing any obstacle, animate or inanimate on, at or near said railroad tracks or either of said tracks when such tracks are being used or about to be used for the moving of freight, any car or any cars in or out of plaintiff's plant by either or all of said railroads or any employees of either or all of said railroads. (6) From interfering with, impeding or stopping the movement of any freight, train, car or cars into or out of plaintiff's said plant by violence or threats of any kind or character against any employee, agent, trainman or servant of said railroads or either of them."

The testimony on the hearing for the temporary injunction was substantially the same as the testimony discussed by the Supreme Court in its opinion in the habeas corpus proceeding. Testimony of the witnesses as to violence went no further than that which the Supreme Court held to be "a pure conclusion without proof of any word or act to support it." The same authorities are cited on this appeal as were discussed by the Supreme Court in its opinion. That opinion, therefore, being binding on us, controls disposition of this appeal. It is therefore our judgment that the order below be reversed and the temporary injunction dissolved.